**Ralph C. DORSEY, Superintendent of Caverna Independent School District, et al., Appellants,**

**v.**

**Tommy BALE, Individually and on behalf of all students of the Caverna Independent School District, Appellee.**

Court of Appeals of Kentucky.

March 21, 1975.

Donald F. Mintmire, Hensley, Mintmire & Craddock, Munfordville, for appellants.

Joe Wm. Goodman, Munfordville, for appellee.

STEPHENSON, Justice.

This appeal presents the question whether a board of education can by regulation reduce a student's grade for an unexcused absence as an additional punishment for conduct leading to a suspension from classes for a period of time. The trial court adjudged the regulation to be invalid and ordered the Caverna Independent School District Board to restore the deducted points to appellee's grades and to the grades of all other students similarly situated. The board appeals. We affirm in part and reverse in part.

The Caverna Board of Education promulgated a set of regulations incorporated into the Caverna High School Student Handbook. One of the regulations pertains to "unexcused absences":

"Absences for any other reason and failure to follow the outlined procedure will constitute an unexcused absence and work will not be allowed to be made up and furthermore five (5) points will be deducted from the total nine-weeks grade for each unexcused absence from each class during the grading period."

The handbook further provides that absence resulting from suspension "will constitute an unexcused absence."

The appellee, Tommy Bale, was suspended from school on two separate occasions for possession and consumption of alcoholic beverages on school property in violation of regulations of the Caverna High School. The unexcused-absence rule was not invoked for the first offense, but it was for the second offense on which he was suspended from school for four days. In accordance with the unexcused-absence rule, Bale's grades were reduced by five percentage points for each of the four days.

As a result, his semester grades were reduced one letter in three of the five courses being taken.

Bale based his lawsuit against the board of education on lack of legal authority to invoke the unexcused-absence rule. The trial court agreed and issued a permanent mandatory injunction ordering the board to restore the deducted points to Bale's grades, and further to restore deducted points to the grades of all other students theretofore affected by the rule.

The appellants argue that the unexcused-absence rule is a reasonable regulation which promotes the school's educational philosophy. Their testimony is to the effect that prior to the adoption of the regulation there existed in the school turmoil, disruption, and disorder, and that suspension, expulsion, detention, and corporal punishment proved to be ineffective to maintain order. According to the testimony of the appellants, the regulation has rid the school system of the turmoil, disruption, and disciplinary problems existing before the adoption of the unexcused-absence rule.

Appellants rely on KRS 160.160, which empowers each board of education to "do all things necessary to accomplish the purpose for which it is created," and KRS 160.290(2), which provides that each board of education may make and adopt rules and regulations for the conduct of pupils.

■ The trouble with appellants' argument is that KRS 160.290(2) is directed to rules and regulations for the *conduct* of pupils, not to the disciplinary measures taken for the breach of such rules and regulations. We agree with their argument that courts should be reluctant to substitute their judgment for that of the school officials who promulgate the rules and regulations. However, the General Assembly has by statute enunciated legislative intent regarding discipline of students in public schools for serious breaches of school regulations.

■ KRS 158.150 provides:

"All pupils admitted to the common schools shall comply with the lawful regulations for the government of the schools. Wilful disobedience or defiance of the authority of the teachers, habitual profanity or vulgarity, or other gross violations of propriety or law constitutes cause for suspension or expulsion from school. The superintendent, principal or head teacher of any school may suspend a pupil for such misconduct, but shall report such action in writing immediately to the superintendent. The board of education of any school district may expel any pupil for misconduct as defined in this section, but such action shall not be taken until the parent, guardian or other person having legal custody or control of the pupil has had an opportunity to have a hearing before the board. The decision of the board shall be final."

We are of the opinion that this statute, under which Tommy Bale was suspended, clearly preempts the right of school officials to promulgate disciplinary regulations that impose additional punishment for the conduct that results in suspension. If the conduct of the student in the judgment of the school authorities warrants invoking the statutory authority to suspend, and school authorities do suspend, they have the right to determine the duration of suspension so that such action constitutes a complete punishment for the offense.

We express no opinion as to whether the unexcused-absence rule is a reasonable regulation as applied to students generally.

■ The complaint filed in this lawsuit purports to be a class action; however, the record discloses that the trial court did not make findings to satisfy the prerequisites of CR 23.01, and did not enter an order determining that the action could be so maintained as required by CR 23.03. Consequently, there is no authorized class action as a basis for this portion of the judgment.

The judgment is affirmed as to Tommy Bale and reversed in all other respects with directions to enter a judgment in conformity with this opinion.

All concur.