Florence SOWDERS et al., Appellants,

v.

George ATKINS et al., Appellees.

Supreme Court of Kentucky.

Jan. 18, 1983.

Rehearing Denied March 24, 1983.

Oliver H. Barber, Jr., C. Thomas Hectus, Thomas J. Banaszynski, Louisville, for appellants.

Redford H. Coleman, Collier, Arnett & Coleman, Elizabethtown, Aubrey R. Mooney, Dixon, Michael Caudill, Bowling Green, Charles Wickliffe, George Wilson, Com'r, Bureau of Corrections, George Atkins, Secretary, Dept. of Finance, Barbara W. Jones, Gen. Counsel for the Corrections Cabinet, Frankfort, Peter Sewell, Louisville, Walter Chyle, Jr., Morgantown, Robert J. Beale, Louisville, J. Chester Porter, Shepherdsville, Max W. Parker, County Atty., Murray, R. Michael Grant, Asst. Clark County Atty., Winchester, Natty Bumppo, Edmonson County Atty., Brownsville, David T. Enlow, Asst. Fayette County Atty., Julius Rather, Lexington, Eric D. Hall, Asst. County Atty., Prestonsburg, William A. Young, Frankfort, Clarence Davis, Judge Executive, Warsaw, Jan C. Costello, Carole B. Shauffer, Mark I. Soler, San Francisco, Cal., William Probus, Harrison County Atty., Cynthiana, William A. Hoskins, III, Lexington, John R. Cox, Morehead, Howard Downing, Nicholasville, Charles J. Riedinger, Vanceburg, Thomas F. Carroll, Monticello, Thomas H. Bugg, Clinton, Robert M. Kirtley, Owensboro, W.S. Greenwell, Marion, George McClure, Danville, Bruce R. Hamilton, LaGrange, David L. Broderick, Bowling Green, Kentucky Ass'n of Counties, Frankfort, John L. Ackman, Jr., Williamstown, James S. Secrest, Scottsville, Martin Z. Kasdan, Stanley Stratford, Dept. for Human Resources, Frankfort, James W. Pike, LaGrange, Paris Swinford, Pineville, Buddy Adams, Secretary, Dept. for Human Resources, Frankfort, Lynn M. Bynum, Louisville, Charles K. Belhasen, Johnson County Atty., Paintsville, R. Elfers, Covington, El-

mer Cunnagin, Jr., Laurel County Atty., London, Larry Kelley, Lee County Atty., Beattyville, Wayne Bowling, Whitesburg, Charles T. Mattingly, Marion County Atty., Lebanon, W.E. Quisenberry, Sr., McLean County Atty., Calhoun, Bernard PaFunda, Pikeville, John L. Cox, Jr., Cox & Fain, Stanton, Carl R. Clontz, Mount Vernon, Clay McKnight, Scott County Atty., Georgetown, John E. Spainhour, Shepherdsville, Robert M. Coots, Spencer County Atty., Taylorsville, Bobby K. True, Tromble County Atty., Bedford, Robert R. Baker, Stanford, Jerry P. Vincent, Catlettsburg, Teddy L. Flynt, Magoffin County Atty., Salyersville, Joseph S. Elder, II, Lohman & Elder, Louisville, for appellees.

STEPHENSON, Justice.

This appeal comes to us by transfer from the Court of Appeals, CR 76.18. The trial court declined to certify a class action and dismissed as to all defendants. We affirm.

Ten juveniles, residents of six different counties, filed suit in Franklin Circuit Court. The defendants are approximately 150 or more county jailers and county judge-executives in 78 counties. Additional defendants are George Adkins, secretary, Department of Finance, Commonwealth of Kentucky, Dr. Grady Stumbo, secretary, Department for Human Resources, Commonwealth of Kentucky, and George Wilson, commissioner, Bureau of Corrections, Commonwealth of Kentucky. All defendants are sued individually and in their official capacities.

In the first paragraph of the complaint the action is characterized as a class action for declaratory and injunctive relief and compensatory damages.

The regulations and procedures challenged are those which allegedly allow the practice of jailing juveniles charged with status offenses and jailing juvenile public offenders who are not sight and sound separated from adult inmates. The complaint alleges violation of the Juvenile Justice and Delinquency Prevention Act, 42 U.S.C. § 5601 et seq., the Civil Rights Act, 42 U.S.C. § 1983, Fourteenth and Eighth

Amendments to the United States Constitution, various Kentucky statutes, various Kentucky and Federal case law, and the opinions of the Kentucky Attorney General.

George Adkins, Grady Stumbo and George Wilson are sued individually and in their official capacities for the reason they have the authority to disburse funds for their departments and bureaus.

The multitude of county judge-executives are sued for the reason it is alleged they are responsible for the financial management of the county jail and the proper care and treatment of juvenile prisoners.

The various jailers are sued for the reason that they are responsible for the care and treatment of juveniles in custody.

The plaintiffs seek to represent a class composed of all juveniles who have been, are now, or will be held in custody in violation of the various statutes, etc., *supra.*

They allege the number is so numerous so as to make joinder impractical.

The plaintiffs seek to sue the jailers as a class and recite the class which the defendant jailers represent is composed of all jailers who have been, are now, or will hold juveniles in custody in violation of acts of Congress, Kentucky statutes, case law etc. It is alleged these persons are so numerous that joinder of all is impracticable.

In view of our disposition of the case, it is not necessary to go into detail on the various causes of action based on violation of various statutes etc.

The relief sought is damages of $100 per day per child and punitive damages of $1,000 per day per child plus attorney fees, this in addition to the injunctive relief sought by plaintiffs.

The trial court dismissed the action after overruling appellant's motion for class certification for the reason that there was no showing that the class was so numerous as to render joinder impracticable. Appellants then filed a motion for reconsideration with a filing of exhibits characterized by appellants as "raw data" obtained from state agencies. This "raw data" comprises an

enormous amount of paper consisting of copies of Department of Justice survey questionnaries, charts, tables, compliance monitoring reports and various maps.

The trial court overruled the motion for reconsideration and then proceeded to dismiss the complaint against George Adkins, Grady Stumbo, and George Wilson for failure to state a cause of action.

The complaint was dismissed for failure to state a cause of action against all county judge-executives and jailers excepting those county judge-executives and jailers in the counties in which the plaintiffs had residence.

The complaint was dismissed for lack of venue in the Franklin Circuit Court against those county judge-executives and jailers in the counties of residence of the ten plaintiffs.

There are so many reasons why this case should have been dismissed it is difficult to sort out the better ones.

■ The motion for certification of a class action for the plaintiffs was properly overruled. There was no attempt made to give the trial court an estimate of numerosity of class save for the attempt on motion for reconsideration filing exhibits by the pound. We cannot figure out just what the exhibits pretend to show, and they are incompetent as evidence in any event. We are advised by appellants' counsel that "It was anticipated that defendants' answers to plaintiffs' interrogatories would clearly establish numerosity." It is clear to us that appellants have no idea at all of the numerosity of the class they seek to represent.

Thus appellants fail in the essential element of their motion. 3B Moore's Federal Practice 2d, 23.05(3)(a)(1), at page 23–161 through 23–166 states:

"Consistent with his overall burden to show the prerequisites for a class action, the one who asserts the class must show *some evidence or reasonable estimate of* the number of class members. Whether a number is so large that it would be impracticable to join all the parties is dependent not upon any arbitrary limit, but rather upon the circumstances surrounding the case; and there must be a positive showing of such circumstances. The substantive nature of the claim, the type of class suit, and the relief requested also bear on how expansive a definition of the class will be allowed and, accordingly, on the necessary showing of numerosity in relation to impracticability of joinder."

■ The appellant's motion to certify the defendants as a class is even more bizarre. We are baffled as to how the state officials can constitute a class with the county judge-executives and jailers. With the numbers of jailers and county judge-executives made defendants in the action, it would seem that another hundred would not be too numerous to make parties and not bother with a class. Of course the answer as to the reason for this procedure is simple. In order for the appellants to have any hope of staying in court both plaintiffs and defendants must sue and be sued as a class. The trial court properly declined to certify the defendants as a class. We do not see any abuse of discretion. As stated in 3B Moore's Federal Practice 2d 23.05(3), page 23–169, "The trial court's detailed knowledge of the facts places it in as favorable a position as possible to judge whether joinder is impracticable. It is the general federal and state rule that the trial court's decision on this issue is final unless there is an abuse of discretion or the trial court has applied impermissible legal criteria or standards."

As far as we can tell from the allegation in the complaint and oral argument, the state officials, Adkins, Stumbo and Wilson, are charged with improperly disbursing funds for the Department of Finance and improperly disbursing funds and management of services for the Department for Human Resources and the Bureau of Corrections. We are advised in appellants' brief that "The individual 'county defendants' have sought and obtained payment pursuant to KRS 64.150 (jailers' fees) and KRS 64.346 (jailers' expenses), and reimbursement from the State Treasury pursu-

ant to KRS 64.350 et seq. Discoverable evidence will show that these sums have been improperly paid . . . . " As pointed out by Adkins, disbursements to the jailers were made pursuant to statute and the Department of Finance had no discretion in this matter. There is nothing in the complaint that alleges Adkins, Stumbo, and Wilson have taken any action which resulted in the improper or illegal detention or incarceration of any juvenile. Even with a liberal interpretation of the Civil Rules the allegations are simply not enough. Appellants apparently decided to file suit and demonstrate their cause of action by discovery. The statement that discovery would reveal improper disbursement of funds is not enough.

In addition to the failure to show numerosity to bring this case within CR 23.01(a), the management problem with the county judge executives and the jailers must have appalled the trial court. The management problem of the prospective defendant class here would be enormous. The trial court clearly could have based this entire dismissal on an order invoking CR 23.02(c)(iv), "the difficulties likely to be encountered in the management of a class action." The mountains of paper that would be generated here are mind boggling. We express an opinion that the trial of this case as proposed by appellants probably could not be concluded in this century.

This case is further complicated by the several alleged causes of action. With reference to the 42 U.S.C. § 1983 part of the complaint, it is true that *Martinez v. California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980), allows such actions to be brought in state court. *Martinez,* however, involved an individual complaint, and we have found nothing which would authorize a class action based on this cause of action where monetary damages are requested. On the contrary, Wright and Miller, Federal Practice and Procedure, Rule 23 § 1752 states in a footnote that this Act, when monetary damages are sought, gives only a personal right to plaintiff. This is a sensible interpretation of the Act. We cannot see how monetary damages could be proven and assessed for a class.

We have not explored the failure of the appellants here to show that either the county judge executives or the jailers had any statutory duty here. Without going into detail the county judge-executives do not have any statutory authority over the management and operation of the jail that we can find, and none has been called to our attention. As for the jailers, they have no control that we know of over who should be sent to jail and no authority to determine who should be confined and who should not.

The abuse of the discovery process as proposed in this case is not contemplated in the discovery provisions of the Rules of Civil Procedure.

In order to maintain an action here, the appellants needed a certification of class action for both plaintiffs and defendants. Failing in this respect there is not a viable lawsuit.

We are of the opinion the trial judge did not abuse his discretion in declining to certify class action.

The judgment is affirmed.

STEPHENS, C.J., and AKER, GANT, LEIBSON, and WINTERSHEIMER, JJ., concur.