PYRO MINING COMPANY, Movant,

v.

The KENTUCKY COMMISSION ON HUMAN RIGHTS, Respondent.

Supreme Court of Kentucky.

Oct. 25, 1984.

Jon L. Fleischaker, Susan T. Barnett, Wyatt, Tarrant & Combs, Louisville, for movant.

Steven L. Beshear, Atty. Gen., Robert L. Chenoweth, Linda Carnes Wimberly, Asst.

Atty. Gen., Frankfort, Thomas A. Eben-dorf, Louisville, for respondent.

STEPHENSON, Justice.

Pyro Mining Company brought a declaratory judgment action in Franklin Circuit Court challenging the authority of the Commission on Human Rights to maintain a class action. The trial court determined that the Commission had statutory authority to maintain a class action, and the Court of Appeals affirmed. We granted discretionary review and reverse the decision of the Court of Appeals and the judgment of the trial court.

During a period of five months in 1980, six women filed with the Commission complaints against Pyro alleging discrimination in employment on the basis of sex. Each complaint was filed individually and on behalf of all others similarly situated and further stated, "I further state that the class of females who have been discriminated against is so numerous that joinder of all members is impracticable; that there are questions of law or fact common to the class; namely, whether females have been denied employment or consideration for employment because of their sex and whether such denial constituted a violation of KRS 344.040; that my claims are typical of the claims of the class; namely, that I and all other members of the class have been denied employment or consideration for employment because of sex; and that the representative parties will fairly and adequately protect the interest of the class." Each complaint contained a request for monetary damages. The actions were consolidated. Subsequently, the complainants, acting through the staff of the Commission, moved for a certification of the administrative proceedings as a class action. The Commission sustained the motion for class certification without making any of the findings required by CR 23.01. The class was certified to include all qualified females who have applied for positions as underground employees with Pyro Mining Company from January 1, 1980, to and including May 13, 1981.

Pyro then filed suit challenging the authority of the Commission in this respect.

The Kentucky Commission on Human Rights is a state administrative agency created pursuant to KRS Chapter 344 to foster mutual understanding and respect and to discourage discrimination based upon race, sex or ethnic group. Under KRS 344.180–.190, the Commission is empowered to receive, initiate, investigate, seek to conciliate, hold hearing on and pass upon complaints of discrimination and to promulgate rules and regulations to effectuate the purposes of the Chapter. KRS 344.200–.230 sets out the procedures for the initiation of a complaint, investigation, resolution of the matter through conference, conciliation or persuasion, holding hearings on complaints of discrimination, issuing finding and conclusions of law and ordering affirmative action to be taken to halt the discriminatory practice.

KRS 344.150 establishes the Commission to consist of eleven members. KRS 344.160 speaks to qualification of the members, directing that they shall be broadly representative of employers, proprietors, trade unions, religious groups, human rights groups, and the general public.

KRS 344.200(7), added to the statute in 1976, provides:

"Insofar as they are not inconsistent or in conflict with the procedure and practice provided by this chapter, the Kentucky Rules of Civil Procedure will apply to proceedings under this chapter."

The trial court adjudged that the General Assembly by the amendment of KRS 344.200(7) specifically authorized the Commission to entertain class actions by applying the Rules of Civil Procedure to proceedings before it. The Court of Appeals affirmed the trial court stating that if the legislature had intended to except CR 23.01 et seq. from the provisions of KRS 344.200(7), it would have done so. Both the trial court and the Court of Appeals have said that the legislation does not except class actions, therefore such an action is included, the logical extension of which is saying that the statute empowers the Commission to

use all the Rules of Civil Procedure save those inconsistent with or in conflict with KRS Chapter 344. We are of the opinion the statute is not monolithic and that the General Assembly did not contemplate CR 23 class action proceedings by enacting KRS 344.200(7), and that a CR 23 class action is inconsistent with the procedures outlined in KRS Chapter 344.

At oral argument it was readily conceded that CR 65.01–.06 injunctive relief etc. is not authorized as a remedy available to the Commission by virtue of the statute. We can infer from other sections of Chapter 344 that this is so. KRS 344.200(6) provides that after a complaint is filed, the Commission may file an action in circuit court for appropriate temporary relief including *restraining orders*. Also KRS 344.450 provides for a civil cause of action in circuit court to *enjoin* further violations of the provisions of the Chapter and to recover actual damages. We observe that CR 65.01 et seq. proceedings are more than just procedural in nature. The injunctive process involves judgments which can only be made by a judge. Substantive rights are affected. By a parity of reasoning, we are of the opinion that a CR 23 class action proceeding, which is also a creature of equity, is more than an ordinary procedural rule and requires judgment exercised by a judge. A cursory examination of CR 23.01, which provides,

"Subject to the provisions of Rule 23.-02, one or more members of a class may sue or be sued as representative parties on behalf of all only if (a) *the class is so numerous that joinder of all members is impracticable*, (b) *there are questions of law or fact common to the class*, (c) *the claims or defenses of the representative parties are typical of the claims or defenses of the class*, and (d) *the representative parties will fairly and adequately protect the interests of the class*." [Emphases added.]

and CR 23.02, which provides,

"An action may be maintained as a class action if the prerequisites of Rule 23.01 are satisfied, and in addition:

(a) The prosecution of separate actions by or against individual members of the class would create a risk of

(i) *inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class*, or,

(ii) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests, or

(b) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby *making appropriate final injunctive relief or corresponding declaratory relief* with respect to the class as a whole; or

(c) the court finds that the questions of law or fact common to the members of the class *predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy*. The matters pertinent to the findings include: (i) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (iii) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (iv) the difficulties likely to be encountered in the management of a class action." [Emphasis added.]

reveals a complicated series of decisions which involve judgments ill suited to a commission composed as provided for above, and singularly appropriate for a judge only.

First there is the requirement of findings to satisfy the prerequisite of CR 23.01. See *Dorsey v. Bale*, Ky., 521 S.W.2d 76, at page 78.

Next CR 23.03 requires the entry of an order that the action can be so maintained with provisions for further supervision,

"(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this rule may be conditional, and may be altered or amended before the decision on the merits.

(2) In any class action maintained under Rule 23.02(c), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (a) the court will exclude him from the class if he so requests by a specified date; (b) the judgment, whether favorable or not will include all members who do not request exclusion; and (c) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.

(3) *The judgment in an action maintained as a class action under subparagraphs (a) or (b) of Rule 23.02, whether or not favorable to the class, shall include and describe those whom the court finds to be members of the class. The judgment in an action maintained as a class action under Rule 23.02(c), whether or not favorable to the class, shall include and specify or describe those to whom the notice provided in Rule 23.02(b) was directed, and who have not requested exclusion, and whom the court finds to be members of the class.*

(4) When appropriate (a) an action may be brought or maintained as a class action with respect to particular issues, or (b) *a class may be divided into subclasses and each subclass treated as a class, and the provisions of Rule 23 shall then be construed and applied accordingly.*" [Emphases added.]

and finally CR 23.04, which provides for further provisions for determining the course of the proceedings. 89 *Harvard Law Review* 1976, commencing at page 1319, Class Actions, contains an exhaustive study of the development and complexities of the class action in Federal courts, all of which problems are equally applicable under our rules. In particular the article directs our attention to the problems of reconciling substance and *procedure* in class actions. There is no doubt in our minds that CR 23 involves matters of substance as well as procedure. Thus we do not believe the General Assembly proposed to extend power over substantive equitable matters to the Commission.

We are further convinced that Chapter KRS 344 does not authorize CR 23 suits by the language of the various sections. KRS 344.200, Procedure etc., provides that "an individual" ... may file a complaint; (3) refers to "the complainant"; (5) refers to "the complainant." KRS 344.230, Findings of the commission, (1) refers to "the complainant;" (2) speaks of "the complainant." KRS 344.240, Judicial review, (1) begins with "a complainant."

The entire scope of the sections of KRS Chapter 344 pertaining to the Human Rights Commission is cast in terms of an aggrieved *individual.* Nowhere in the various sections above do we find a complainant referred to in the plural, only in the singular. By reason of this additional inference, we conclude that KRS 344.200(7) does not confer upon the Commission authority to institute and maintain CR 23 actions, and such a proceeding is inconsistent with the procedure and practice provided by KRS Chapter 344.

The decision of the Court of Appeals and the judgment of the trial court are reversed with directions that a judgment be entered in conformity with this opinion.

AKER, GANT, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., files a separate concurring opinion.

STEPHENS, C.J., not sitting.

LEIBSON, Justice, concurring.

Because I interpret the language of KRS 344.200(7) as limited to a housekeeping measure, not as legislation empowering the Commission to conduct a class action, I concur in the result.

However, because I believe that the General Assembly had the power to pass legislation authorizing a class action by the Commission, had it so elected, I concur *only* in the result.

KRS 344.200(7) provides:

"Insofar as they are not inconsistent or in conflict with the procedure and practice provided by this chapter, the Kentucky Rules of Civil Procedure will apply to proceedings under this chapter."

KRS 344.200(7) was intended to assist in the processing of complaints filed on behalf of those individuals who are authorized to file a complaint by the statute, and not to authorize an additional kind of proceedings. A class action would be an additional kind of proceedings on behalf of all individuals similarly situated.

The statute is a limited grant of authority, erroneously expanded by the Commission in providing for a class action.