**UNITED PROPANE GAS, INC., Appellant**

v.

**Faye PURCELL, Carolyn Seay, Individually, Carolyn Seay, on Behalf of The Class of Similiarily Situated Consumers They Seek to Represent, Richard Seay, on Behalf of The Class of Similarly Situated Consumers They Seek to Represent, & Richard Seay, Individually Appellees**

**NO. 2016-CA-001037-MR**

Court of Appeals of Kentucky.

SEPTEMBER 15, 2017; 10:00 A.M.

BRIEFS FOR APPELLANT: David L. Kelly, Robert W. Goff, Paducah, Kentucky.

BRIEF FOR APPELLEES: John S. Friend, Robert W. Bishop, Tyler Z. Korus, Louisville, Kentucky, Frank H. Tomlinson, Birmingham, Alabama, Mike Pittman, Murray, Kentucky.

BEFORE: ACREE, JONES, AND D. LAMBERT, JUDGES.

## OPINION

JONES, JUDGE:

The Appellant, United Propane Gas, Inc. ("United Propane"), brings this interlocutory appeal pursuant to CR [1] 23.06 and CR 73 to challenge an order of the McCracken Circuit Court certifying a class action consisting of all residential customers who paid for a 2013-2014 "Pre-Purchase Pre-Buy Keepfull Gas Supply Agreement" (the "Agreement") from United Propane. United Propane asserts that the circuit court's class certification is deficient under CR 23.01, CR 23.02, and CR 23.03. We agree.

The circuit court failed to make the findings required to certify a class and its order does not comply with CR 23.03. Accordingly, we vacate and remand to the circuit court to conduct the proper analysis prior to entry of any certification order. Any future class certification order entered by the circuit court must comply with CR 23.03 by defining "the class and the class claims, issues, or defenses, and must appoint class counsel under CR 23.07."

---

1. Kentucky Rules of Civil Procedure.

## I. BACKGROUND

Faye Purcell, on behalf of herself and on behalf of the class of similarly situated consumers, filed a class action complaint against United Propane in McCracken Circuit Court on August 27, 2014. Faye's complaint alleged that United Propane had dishonored thousands of Agreements it had entered with its customers, and asserted claims under the Kentucky Consumer Protection Act,[2] breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Faye amended her complaint on December 12, 2014, to add two additional named plaintiffs, Richard and Carolyn Seay. United Propane filed an answer to the first amended complaint on February 4, 2015. In its answer, United Propane raised the following affirmative defenses: contractual rights; that the action does not meet the requirements of CR 23 justifying class certification; that plaintiffs had not suffered any recognizable loss or damages; waiver, laches, and estoppel; enforceability of the force majeure clause contained in the Agreement; lack of jurisdiction; improper venue, alleging that venue should lie in district court; all defenses available to it under the Kentucky Consumer Protection Act; and that plaintiffs were not entitled to collect punitive damages. Following United Propane's filing its answer, the parties took numerous depositions and engaged in written discovery.

On February 25, 2016, the Appellees filed a motion for class certification. United Propane responded on April 25, 2016. In its response, United Propane argued that: there was a lack of commonality amongst the purported class members, in that the asserted claims were necessarily based upon individualized facts involving communications between United Propane and each potential class member and it could not be said that every customer who had entered into the Agreement with United Propane had suffered the same injury, or even any injury; there was a lack of typicality among the claims of the purported class members; the purported class did not satisfy CR 23.02 because the claims were primarily for individualized monetary damages and common issues did not predominate; and that the superior method of handling the claims asserted by the purported class was to allow those persons who felt they had been injured by United Propane to file individual cases against it. The Appellees replied to United Propane's response on May 18, 2016.

The circuit court heard arguments concerning the class certification on June 6, 2016, at which counsel for both sides argued their respective briefs. The circuit court made no findings of fact from the bench. That same day, the circuit court entered an order certifying the class. Due to a clerical error, the parties entered into an agreed order vacating the June 6, 2016, order. On July 8, 2016, the circuit court entered a corrected order certifying the class. The order simply stated as follows:

a.) This case is certified as a class action pursuant to [CR] 23.01 and [CR] 23.02;

b.) The definition of the class is defined as follows:

**All residential customers who paid for a 2013-2014 "PRE-PUCHASE 'PREBUY KEEPFULL' GAS SUPPLY AGREEMENT" from United Propane Gas, Inc. and/or its subsidiaries and/or affiliates.**

c.) Ms. Purcell, Mr. Seay, and Ms. Seay are appointed as Class Representatives; and

---

**2.** Kentucky Revised Statutes (KRS) 367, *et seq.*

d.) Robert W. "Joe" Bishop, John S. Fried, and Tyler Z Korus of Bishop Korus Friend, P.S.C., Hilton Tomlinson of Tomlinson Law, L.L.C., and Michael Pitman of Haverstock, Bell, and Pitman, L.L.P. are appointed as Co-Lead Counsel for the Class.

(Emphasis in original).

This appeal followed.

## II. STANDARD OF REVIEW

■ On appeal, a certification order is reviewed for an abuse of discretion. *Sowders v. Atkins*, 646 S.W.2d 344 (Ky. 1983). "The test for abuse of discretion is whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## III. ANALYSIS

In Kentucky, class action certification is governed by CR 23.01 and CR 23.02. CR 23.01 provides that:

Subject to the provisions of [CR] 23.02, one or more members of a class may sue or be sued as representative parties on behalf of all only if (a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the class, (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (d) the representative parties will fairly and adequately protect the interests of the class.

CR 23.02 dictates that:

An action may be maintained as a class action if the prerequisites of [CR] 23.01 are satisfied, and in addition:

(a) The prosecution of separate actions by or against individual members of the class would create a risk of

(i) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or,

(ii) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(b) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(c) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (i) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (iii) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (iv) the difficulties likely to be encountered in the management of a class action.

■ When read in concert, CR 23.01 and CR 23.02 create a two-step analysis for the circuit court to undertake when determining if certification of a class is appropriate. First, the circuit court must determine if all four of the requirements set out in CR 23.01—numerosity, commonality, typicality, and adequacy of representation—are present. *Pyro Mining Co. v. Kentucky Comm'n on Human Rights*, 678

S.W.2d 393, 395 (Ky. 1984). If they are not, the circuit court cannot certify the class. If all four are present, the circuit court looks to CR 23.02 and determines if one of the three conditions listed therein is present. If none of the three is satisfied, the court must deny class certification; if at least one condition is satisfied, the court may certify the class.

If all the requirements are met for class certification, the circuit court "must determine by order whether to certify the action as a class action." CR 23.03. In that order, the circuit court *"must* define the class and the class claims, issues, or defenses, and must appoint class counsel under CR 23.07." CR 23.03(2) (emphasis added). Further, the circuit court must make adequate findings in its order satisfying the prerequisites of CR 23.01. *See Dorsey v. Bale*, 521 S.W.2d 76, 78 (Ky. 1975). The United States Supreme Court has held that a class action "may only be certified if the trial court is satisfied, after a *rigorous analysis*, that the prerequisites of [CR 23.01] have been satisfied."[3] *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982) (emphasis added). To do so, it may be necessary for the circuit court to "probe behind the pleadings before coming to rest on the certification question." *Id.*

■ The circuit court did not engage in the required "rigorous analysis." The class certification order contains no findings of fact or conclusions of law. In fact, the order contains no discussion of CR 23.01's prerequisites. Likewise, it contains no discussion of the class claims and does not identify the class allegations and defenses, as required under CR 23.03(2). The circuit court's order identifies the class as including all United Propane's residential customers who had entered into an Agreement—regardless of whether those customers had actually suffered an injury. The order indicates that the class is certified under 23.02(a), (b) and (c), despite the fact that Appellees eventually conceded that they were entitled only to be certified as a class under CR 23.02(c).

The necessity of distinguishing under which sub-part of CR 23.02 the class is certified is more than just a mere formality. The notice the circuit court must send to prospective class members differs depending on whether the class is certified under CR 23.02(a), (b), or (c). *See* CR 23.03(4)(a) and (b).

## IV. CONCLUSION

Because the circuit court's order failed to make necessary findings of fact required by CR 23.01 and CR 23.02 and does not comply CR 23.03, we vacate and remand the order certifying the class. Should the court find that class certification is appropriate on remand, it is instructed to enter an order by which it conducts the proper analysis under CR 23.01 and CR 23.02 and complies with CR 23.03. However, nothing herein should be read as expressing an opinion on the propriety of certifying a class as our review here concerned only the issue of whether the circuit court performed the proper analysis prior to certification.

ALL CONCUR.

---

3. "It is well established that Kentucky courts rely upon Federal caselaw when interpreting a Kentucky rule of procedure that is similar to its federal counterpart." *Curtis Green & Clay Green, Inc. v. Clark*, 318 S.W.3d 98, 105 (Ky. App. 2010). Federal Rules of Civil Procedure (FRCP) 23 is the federal counterpart of CR 23, and contains similar language and requirements.